[No. 45932. En Banc. July 12, 1979.]

St. Joseph Community Hospital Association of Clark
County, Inc., *Respondent*, v. The Department of
Employment Security, *Appellant*.

*Slade Gorton, Attorney General,* and *Joseph M. Little-more, Assistant,* for appellant.

*Robert L. Harris* (of *Harris & Greenen*), for respondent.

Rosellini, J.—The question before the court in this case concerns the propriety of certain assessments made by the Employment Security Department against the respondent hospital for payments in lieu of contributions to the unemployment compensation fund.

Under RCW 50.44.010, services performed by employees of the hospital became covered for unemployment compensation purposes on January 1, 1972. Contributions to the

fund which supports the payment of benefits to unemployed individuals are governed generally by RCW 50.24 and by RCW 50.29, pertaining to experience ratings of employers. Under RCW 50.24.010, employers are required to contribute a percentage of wages paid to their employees. However, RCW 50.44.060 accords to a nonprofit corporation such as the respondent the privilege of electing to make payments in lieu of contributions. That section provides:

> Benefits paid to employees of "nonprofit organizations" shall be financed in accordance with the provisions of this section. For the purpose of this section and RCW 50.44.070, the term "nonprofit organization" is limited to those organizations described in RCW 50.44.010, and joint accounts composed exclusively of such organizations.
>
> (1) Any nonprofit organization which is, or becomes subject to this title on or after January 1, 1972 shall pay contributions under the provisions of RCW 50.24.010, unless it elects, in accordance with this subsection, to pay to the commissioner for the unemployment compensation fund an amount equal to the full amount of regular and additional benefits and one-half of the amount of extended benefits paid to individuals for weeks of unemployment which begin during the effective period of such election to the extent that such payments are attributable to service in the employ of such nonprofit organization.

In the first year of its coverage, the hospital made contributions of $57,719, based upon wages paid its employees. At the end of the year it filed an election to finance benefits by making payments in lieu of contributions in the year 1973. Accordingly, as benefits were paid to eligible former employees of the hospital, the department billed it for the full amount of regular benefits and one-half the amount of extended benefits paid for weeks of unemployment which commenced during the effective period of the election. These billings amounted to approximately $27,000. Upon challenge by the hospital, these assessments were sustained .

by the commissioner. His ruling was reversed on appeal to the Superior Court, which held that the benefits paid in 1973 had been financed by the contributions made by the hospital in 1972, which it was entitled to offset against the 1973 assessments.

In so ruling, the Superior Court failed to give effect to the plain language of the statute. In any given year, RCW 50.44.060 gives an employer in the hospital's position an option to either pay contributions calculated upon the basis of wages paid to its employees, or to reimburse the department for benefits actually paid, as provided in the statute. Under RCW 50.04.072, contributions and "payments in lieu of contributions" are deemed to be taxes. It was patently the legislative intent that such taxes should be paid every year, whether they are calculated on the basis of wages paid or upon the basis of benefits paid.

It is the hospital's theory that because, under RCW 50.20.120, benefits are paid with reference to wages paid the individual in his base year (which in this case would be the year 1972), and because contributions are based upon wages paid, benefits paid are necessarily tied to contributions made when the services were rendered. The trouble with this theory is that it ignores the language of the statute. While it is true that benefits are related to wages paid, and contributions paid by an employer are calculated upon the basis of wages paid, payments in lieu of contributions are based not upon wages paid but upon *benefits* paid by the department.

The effect of the hospital's theory and the Superior Court's ruling is to allow the employer a credit against its unemployment compensation taxes in the year 1973 for taxes which it paid in 1972. Under that theory, the employer would have no tax liability in 1973 unless benefits paid its former employees exceeded the contributions which it made in 1972. Nowhere in the statute can we find language which expresses an intent that such credits should be

allowed.[1] It expressly provides for the periodic billing of employers for reimbursement of benefits paid and authorizes no setoff of contributions. *See* RCW 50.44.060(2).

It may be true, as the hospital points out, that its employees have received no direct benefits from the taxes which it paid in 1972, because those becoming unemployed in 1972 were ineligible and benefits paid to those becoming unemployed in 1973 are "financed" by reimbursement. This does not necessarily mean that the hospital and its employees have derived no benefit from those contributions. If at some future date the hospital ceases to exist, its employees who lose their jobs as a result will be entitled to benefits, even though no taxes are paid thereafter. This would be true whether the hospital elected to continue to pay its taxes on the reimbursement basis or to return to the contributions basis. But the more important benefit is the healthy functioning of the compensation system, and toward that end the legislature has seen fit to require an initial year of coverage before discharged employees become eligible, and it is not suggested that it was without power to impose such an obligation.

It is suggested that the concluding phrase in subsection (1) of the statute evidences a legislative intent that contributions made in the year in which services are rendered should be credited against the obligation to reimburse benefits. We do not find this meaning within that phrase. The words "to the extent that such payments are attributable to service in the employ of such nonprofit organizations" limit the organization's liability for reimbursement to its proportionate share, where the individual has been employed by more than one employer during his base period, a limitation which is dealt with explicitly in RCW 50.44.060(3).

---

[1]RCW 50.44.060(1)(e) authorizes the commissioner to permit an election to be retroactive. We are not told whether the hospital applied for such permission. Presumably, if such were allowed in a given case, the previous year's contributions would be refunded, and reimbursement would be required for benefits paid in the previous year.

We are told that in many other states a different system of reimbursement is employed. We are not shown a statute similar to ours, however, which has received a different interpretation.

By electing to use the reimbursement basis in 1973, the hospital experienced a sizeable reduction in its tax and also escaped the burden of supporting the administrative costs of the system. It is important to that system to be assured of a reasonably regular income, an end which would not be served by permitting an employer to derive 2 years of coverage from 1 year's contributions.

The judgment is reversed.

UTTER, C.J., WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., and STEPHENS, J. Pro Tem., concur.